IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER MICHAEL MORGAN                                      PLAINTIFF

v.                           Civil No. 5:21-cv-05161

KRISTEN CALLEHAN, Public Defender                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Kristopher M. Morgan ("Morgan") pursuant to 42 U.S.C. § 1983. Morgan proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Morgan is currently housed in the Washington County Detention Center ("WCDC"). (ECF No. 1 at 1-2). Morgan is a pretrial detainee. *Id.* at 2. Morgan maintains he is being denied the effective assistance of counsel in violation of the Sixth Amendment. *Id.* at 4-8.

Kristen Callehan is Morgan's public defender. (ECF No. 1 at 4). Since June 10, 2021, Morgan maintains that Defender Callehan has blocked all forms of communication between them. *Id.* 4-6. Morgan feels his defense is being "damaged" as a result of the lack of communication. *Id.* at 5. He believes Defender Callehan is "using it as a stall tactic to get a plea deal." *Id.* at 6.

As relief, Morgan seeks compensatory and punitive damages. (ECF No. 1 at 9). Morgan says he has undergone physical pain and suffering as well as mental anguish and duress as a result

of not being able to communicate with his public defender.  *Id.*

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl . Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Defender Callehan represents Morgan in his state court criminal proceedings.  Defender Callehan is not subject to suit under § 1983.  Defender Callehan is not acting under color of state law while representing Morgan in his criminal proceedings.  *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings); *Myers v. Vogel,* 960 F.2d 750, 750 (8th Cir. 1992)(same).  A § 1983 claim cannot be brought for ineffective assistance of counsel or legal malpractice.  *Polk,* 454 U.S. at 324; *see also Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985)(wide range of functions even when performed badly fall within the scope of *Polk*).  Accordingly, Morgan has failed to state a cognizable claim under § 1983 against Defender Callehan.

### IV.     CONCLUSION

For these reasons, it is recommended that:

(1)   the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

3

(2) the dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g); and the **Clerk** be directed to place a § 1915(g) strike flag on the case; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 14th day of September 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE